**KRAUSE v. GEORGE K. GARRETT CO., INC.**

Civ. A. No. 845.

District Court, D. Delaware.

July 12, 1946.

E. Ennalls Berl, of Southerland, Berl & Potter, all of Wilmington, Del., Samuel E. Darby and Russell G. Pelton, both of New York City, and Virgil E. Woodcock, of Philadelphia, Pa., for plaintiff.

Wm. H. Bennethum, Marvel & Morford, and Arthur G. Connolly, all of Wilmington, Del., and Leonard L. Kalish, of Philadelphia, Pa., for defendant.

LEAHY, District Judge.

1. This matter came on for hearing on application of plaintiff for a preliminary injunction and defendant's motion for summary judgment filed before answer. These matters were heard on the pleadings, affidavits and exhibits. During the course of the argument, when it seemed there was no genuine issue of fact between the parties, it was suggested and stipulated that, although plaintiff had no right to move for summary judgment until after defendant's answer was filed, plaintiff's motion for a preliminary injunction should likewise be considered as a motion for summary judgment. After the hearing on the three motions and several weeks later, plaintiff sought to file an additional affidavit which states that certain exhibits attached to his first affidavit were filed by inadvertence because they do not represent the actual facts concerning plaintiff's advertising program; and plaintiff points out the necessity to bring the true facts before the court in order to answer a certain argument raised by defendant in its brief in opposition to the motion for a preliminary injunction and in support of defendant's motion for summary judgment.

2. After hearing further argument on whether plaintiff should be per-

mitted to file his additional affidavit and after reviewing the moving papers in support of the motions for preliminary injunction and summary judgment, I believe there appears important and genuine issues of fact as to whether a fiduciary relationship existed between the parties. One fact is definite: Defendant copied plaintiff's dies. As the question of fiduciary relationship is basic, under these circumstances, I cannot resolve it by reading further affidavits and counter-affidavits. Reynolds International Pen Co. v. Eversharp, D.C.Del., 63 F.Supp. 423. As defendant appears to be financially responsible, there is no undue hardship in denying the preliminary injunction at this time.

3. The practical expedient would be to call a pre-trial conference before final hearing in an effort to ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. Counsel could arrive at such a conference with a stipulation specifying the facts that appear without substantial controversy. Upon the trial of the action the facts so specified shall be deemed established, and the trial conducted accordingly.

Orders may be submitted denying all three motions.